UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. RUTH TORRES, et al., § § § § *Plaintiffs*, § § v. § § GREGORY WAYNE ABBOTT, § TEXAS GOVERNOR, et al., § § *Defendants*. § | Civil Action No. 3:24-CV-1842-X-BK |

# ORDER

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 16). Plaintiff Ruth Torres filed an objection. (Doc. 17); a motion for recusal and change of venue (Doc. 18); and a motion to appoint counsel (Doc. 19). The Government subsequently filed a notice of its decision of non-intervention in this case. (Doc. 21). Torres then filed a motion to unseal the case (Doc. 22), and an amended motion to unseal (Doc. 23). The Court first resolves the motion for recusal and change of venue, then turns to the remaining motions.

### A. Motion for Recusal and Change of Venue

Section 455 states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1] "[T]he alleged bias must be personal, as distinguished

---

[1] 28 U.S.C. § 455.

1

from judicial, in nature."[2]   Torres argues that (1) Magistrate Judge Renee H. Toliver should recuse for an alleged bias against *pro se* litigants; and (2) the undersigned should recuse due to "past professional and personal relationships."[3]

Magistrate Judge Toliver entered a recommendation to dismiss this case for failure to state a claim.  Adverse rulings are not a sufficient ground to necessitate recusal.[4]  "Adverse judicial rulings will support a claim for bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."[5]   The Court sees no justification of recusal of Magistrate Judge Toliver and **DENIES** the motion to recuse Judge Toliver.

Section 455 specifically provides that a judge should disqualify where he has participated in some capacity "concerning the proceeding" at hand.[6]   That is not the case here.  Prior association, without more, is not sufficient to necessitate disqualification.[7]   The Court **DENIES** the motion to recuse the undersigned.

Torres also asks this Court to transfer this case to the United States District Court for the District of Columbia or the United States Court of Federal Claims. Section 1404 provides that "[f]or the convenience of parties and witnesses, in the

---

[2] *U.S. v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

[3] Doc. 18 at 3.

[4] *Calhoun v. Villa*, 761 Fed. App'x 297, 301 (5th Cir. 2019).

[5] *U.S. v. Scroggins*, 485 F.3d at 830.

[6] 28 U.S. § 455(b)(2)-(3).

[7] *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1167 (5th Cir. 1982).

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[8]  As this case will be dismissed for failure to state a claim, as explained in the Magistrate Judge's findings, it would not be in the interest of justice to transfer this case to any other district.  The Court **DENIES** the motion to transfer venue.

## B. Findings, Conclusions, and a Recommendation

The Magistrate Judge made findings, conclusions, and a recommendation in this case.  (Doc. 16).  Torres filed objections (Doc. 17), objecting to the finding that she did not comply with Rule 8; failed to state a legal claim; the finding that she lacks personal interest under the False Claims Act; the determination that she is entitled to a private right of action under a criminal statute; the determination that any amendment would be futile; the sanction warning; and the recommendation to dismiss the case.  The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.  Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.  By separate order, the Court will enter a final judgment dismissing all claims in this case with prejudice.

As the case will be dismissed, the motion to appoint counsel (Doc. 19) is

---

[8] 28 U.S.C. § 1404(a).

3

**FOUND TO BE MOOT.** Since the Government has filed its notice of decision, the Court **GRANTS** Torres's amended motion to unseal the case (Doc. 23), and the original motion (Doc. 22) is **FOUND TO BE MOOT**. The case should now be unsealed and placed on the public docket, and any future filings should be filed on the public docket, unless filed as a part of a motion to seal in the manner provided for by the local rules.

**IT IS SO ORDERED** this 28th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE