# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 13, 2026
Lyle W. Cayce
Clerk

No. 25-10671
Summary Calendar

UNITED STATES OF AMERICA, *ex rel*; STATE OF TEXAS, *ex rel*; RUTH TORRES,

*Plaintiff—Appellant*,

*versus*

GREGORY WAYNE ABBOTT, *In Official Capacity, Texas Governor*; WARREN KENNETH PAXTON, JR., *In Official Capacity Texas Attorney General*; BONNIE LEE GOLDSTEIN, *In Official Capacity 44th District Court Judge Dallas*; NATHAN L. HECHT, *In Official Capacity Chief Justice Texas Supreme Court*; JIMMY BLACKLOCK, *In Official Capacity Place 2 Texas Supreme Court Justice*; ET AL.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1842

Before RICHMAN, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Ruth Torres, a Texas resident proceeding pro se, filed a civil action alleging that the defendants used state agencies, Texas's judicial system, and state and municipal government funds and resources to conceal a conspiracy and to retaliate against her. After finding that Torres failed to provide a short and plain statement of her claims showing that she was entitled to relief as required by Federal Rule of Civil Procedure 8(a), the district court dismissed the complaint for failure to state a claim upon which relief could be granted.

On appeal, Torres argues that the district court's determination that her complaint failed to comply with Rule 8(a) was erroneous. Torres also requests the appointment of counsel. Although pro se filings are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). By failing to address or identify any error in the district court's determination that she failed to provide a short and plain statement of her claims, Torres has abandoned any possible challenge to the determination that she failed to comply with Rule 8(a). *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because the report of the magistrate judge provided notice of the defects in the complaint, and Torres had an opportunity to respond and cure the defects within the time for objecting to the report, there was no error in dismissing the complaint with prejudice without providing an opportunity to amend. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642-43 (5th Cir. 2007).

In light of the foregoing, the judgment of the district court is AFFIRMED. Torres's motions for hearing en banc, recusal, change of venue, and appointment of counsel are DENIED.